Anthony **CHISHOLM**, a minor, et al.

v.

The **BOARD OF PUBLIC EDUCATION** et al.

No. 29706.

United States District Court
E. D. Pennsylvania.

May 3, 1965.

See also 33 F.R.D. 313.

Isaiah W. Crippins, Philadelphia, Pa., for plaintiffs.

Walter Biddle Saul, Philadelphia, Pa., for defendants.

WOOD, District Judge.

This action concerns the plaintiffs' claim that the defendants have deprived the plaintiffs of their constitutional rights by maintaining a racially segregated school system in Philadelphia.

On September 26, 1963, the parties filed two very similar plans to foster integration in the school system of Philadelphia. An agreement was reached and the case was continued generally upon certain conditions. One of these conditions was that the parties were required to submit progress reports at six-month intervals to the Court. The defendants have complied with this directive and have submitted their reports on March 30, 1964, and September 28, 1964, without any comment by the plaintiffs. On March 25, 1965, the defendants filed their third consecutive report of the activities of the Philadelphia Board of Education in accordance with our Order of September 26, 1963.

Thereafter, on March 29, 1965, the plaintiffs filed an Answer to the report and *recommended* that the Court convene a conference of certain interested parties, and further, that the Board of Education be compelled to present a detailed integration plan within 90 days.

■■ In their Answer the plaintiffs take issue with each paragraph and subparagraph of the defendants' report in detail. We have given careful consideration to these objections and we make the following determination:

1. (a) Contrary to the plaintiffs' assertion we find that the Odell Report contains many recommendations and evaluations which if implemented by the defendants will greatly improve the quality of education of the school children in Philadelphia.

One of the legal issues in this protracted case is whether the defendants have been providing negro children unequal educational facilities with other students in Philadelphia. The Odell Survey which was commenced in June, 1963, recites, inter alia, that the "civil rights issues" * * * "affected almost the entire gamut of Survey topics: the Board's relationship to other governmental agencies, the Board-community relationships, the Board-administration relationships, school physical plant and pupil transportation policies and practices, staff operation policies and procedures, curriculum and instructional programs and operations, etc." (page ii Philadelphia Public Schools Educational Survey)

(b) It is the opinion of the Court that the personal remarks of Mr. Donner, who is in charge of the Ford Foundation study of the campus-type program of schools in Germantown, are immaterial to the legal issues in this case.

(c) We take judicial notice of the recently published Saunders Report which deals with the projected ten-year school building program of the Board of Education, and we find that the plaintiffs' criticism of the Board's lack of such a comprehensive program was premature.

2. The elimination of part-time classes by the bussing of pupils from overcrowded schools to under-utilized schools is recognized by the plaintiffs as a step in the right direction. However, they demand more bussing, which, according to the Press, has been projected by the Board of Education for September, 1965, with plans for the additional bussing of 7,500 pupils. Therefore, the plaintiffs' complaint in this regard has apparently been heeded and substantially complied with by the defendants.

3. The Educational Improvement Program of the Board of Education

which is seeking ways to improve the achievement levels of certain schools in Philadelphia is recognized by the plaintiffs as having significant value. However, they question its objective as merely an attempt to improve the negro's status while maintaining a segregated school system.

We find this criticism to be without merit since the Board of Education's program is directly related to the third legal issue in this case; namely, whether the negro children receive unequal educational facilities as contrasted with other Philadelphia children.

4. This Court has no interest or legal concern with the racial background or personal qualifications of the membership of the Citizens Advisory Group.

5. The Court has no comment on the Board of Education's report that permanent substitute teachers are being equalized throughout the school system, which appears to be self-explanatory.

Finally, the plaintiffs demand that the defendants submit a detailed integration plan within 90 days. On September 26, 1963, we directed *both* sides to combine their respective, similar plans into one instrument for the convenience of the Court. Conferences by the parties were supposed to have been continued with this objective in mind. Unfortunately, this has not been done.

We see no need to have an entirely *new* plan when the parties have been working under two very excellent plans since September 26, 1963. If additional programs are needed to supplement the present plans, then such programs can be easily added provided the parties will make a serious attempt to work out their difficulties together. Little can be accomplished in this regard by a single conference with the Court when the parties have not met and crystallized their differences.

██ Therefore, until this Court has been satisfied that both sides have met in serious, constructive discussions and have been unable to resolve their differences, we will not convene a conference as requested by the plaintiffs. We have examined the reports of the Board of Education for the past eighteen months (which have not been criticized by the plaintiffs until recently) and we can only conclude that substantial progress has been made to eliminate many of the complaints embodied in this litigation.

The grave social problems giving rise to this action cannot be resolved by the Court until counsel and their clients pursue the more flexible avenues available to them in outside informal discussions.

## ORDER

And now, this 3 day of May, 1965, it is ordered that the plaintiffs' request for a conference is denied at this time for the reasons above stated.